UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                      Case No:  6:16-cv-2196-Orl-18GJK

**IPS ORLANDO, LLC,**

        **Defendant.**

REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 14)** |
| **FILED:** | **March 14, 2018** |
| **THEREON** it is recommended that the motion be **GRANTED**. | |

**I.     BACKGROUND.**

On December 22, 2016, Plaintiff filed a complaint against Defendant "to enforce an Internal Revenue Service levy served on [Defendant] and to obtain judgment against [Defendant] for its failure to honor the IRS levy." Doc. No. 1 at ¶ 1. On April 24, 2013, the IRS sent a "Final Notice Notice of Intent to Levy and Notice of Your Right to a Hearing" to Dean Snyder (the "Snyder Notice"), who owes the IRS for failing to pay taxes and penalties. Doc. No. 14-3. The Snyder Notice states that if Snyder does not pay the amount owed to the IRS, then the IRS "may take collection action against [Snyder's] property, or rights to property, such as real estate,

- 2 -

automobiles, business assets, bank accounts, and other income." *Id.* at 2. From 2014 until February 16, 2015, Defendant paid wages to Snyder. Doc. No. 14-1 at ¶¶ 8, 9. On June 26, 2014, the IRS issued an IRS Form 668-W (Notice of Levy on Wages, Salary, and Other Income) to Defendant for Snyder's tax liabilities (the "IPS Notice"). Doc. No. 14-4. Defendant failed to pay the full amount of the funds subject to the levy. Doc. No. 14-10.

On March 14, 2018, Plaintiff filed a motion for summary judgment, asking that it be awarded judgment against Defendant for "$28,001.49, plus interest and statutory additions subsequent to March 6, 2018 under 26 U.S.C. § 6332(d)(1); and" a penalty, under 26 U.S.C. § 6332(d)(2), of fifty percent of the amount recoverable. Doc. No. 14 at 10. Defendant did not file a response to the Motion.[1]

## II.  STANDARD OF REVIEW.

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. *Liberty Lobby, Inc.,* 477 U.S. at 257; *see* Fed. R. Civ. P. 56(c). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*,

---

[1] On February 10, 2017, the Clerk entered a default against Defendant for failing to appear or otherwise defend. Doc. No. 9. The Court denied Plaintiff's motion for entry of a default judgment because Plaintiff failed to establish a valid lien, as there was no showing in the motion for entry of a default judgment that Snyder had notice of the intent to levy his salary. Doc. Nos. 11, 13.

911 F.2d 1573, 1577 (11th Cir. 1990). In resolving a summary judgment motion, the Court must view the record evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).

### III.    ANALYSIS.

Under 26 U.S.C. § 6331(a), if any person liable to pay any tax refuses to do so, then the Secretary may collect the tax by levy upon the taxpayer's property. A levy may be made upon a person's salary so long as the person received notice of the intention to levy his salary at least thirty days before the levy. 26 U.S.C. § 6331(d). Under 26 U.S.C. § 6332, any person in possession of property subject to levy upon which a levy has been made shall surrender the property.

In support of the Motion, Plaintiff submits the Declaration of Revenue Officer Jacob Astarita (the "Declaration"). Doc. No. 14-1. In the Declaration, Astarita states that he mailed a copy of the Snyder Notice to Snyder on April 24, 2013, which is more than one year before the IRS issued the IPS Notice. *Id.* at ¶ 6; Doc. No. 14-4. Plaintiff also submits a copy of the Snyder Notice, which states that it was sent via certified mail. Doc. No. 14-3. Plaintiff thus demonstrates that the notice requirements of 26 U.S.C. § 6331(d) are satisfied. *See Valentine v. United States*, No. 1330-CIV-ORL-18C, 1999 WL 1249509, at *1 (M.D. Fla. Nov. 2, 1999), *aff'd*, 226 F.3d 649 (11th Cir. 2000) ("a valid levy merely requires proof that notice was sent to the taxpayer's last known address by either certified or registered mail.").

Also in the Declaration, Astarita states that Defendant's Chief Financial Officer told him that Defendant did not pay the correct amount of the levy due to a clerical error.[2] Doc. No. 14-1 at ¶ 13. Plaintiff argues that this establishes that Defendant is subject to the fifty percent penalty

---

[2] This statement from Defendant's Chief Financial Officer is not hearsay under Federal Rule of Evidence 801(d)(2)(D) (a statement made by the opposing party's employee "on a matter within the scope of that relationship and while it existed" is not hearsay).

under 26 U.S.C. § 6332(d)(2) imposed on parties that fail to honor a levy without reasonable cause. Doc. No. 14 at 10. Plaintiff relies on Treasury Regulation 301.6332-1, Surrender of property subject to levy, 2003 WL 1128221, which states, "The penalty . . . is not applicable in cases where [a] bona fide dispute exists concerning the amount of the property to be surrendered pursuant to a levy or concerning the legal effectiveness of the levy."

Defendant did not file a response to the Motion; thus, it is considered unopposed. *See* Local Rule 3.01(b) (party opposing a motion shall file a response). Plaintiff submitted evidence that Defendant did not have a bona fide dispute with the IRS regarding the amount of property to be surrendered.

### IV. CONCLUSION.

Plaintiff provides evidence of a valid levy and that Defendant failed to honor the levy without reasonable cause. Accordingly, it is recommended that the Motion (Doc. No. 14) be **GRANTED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on June 21, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

- 5 -

Copies furnished to:

Counsel of Record
Unrepresented Parties